IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CONAIR CORPORATION and BABYLISS FACO SPRL,<br><br>    Plaintiffs,<br><br>    v.<br><br>E.L. SALES CORP.,<br><br>    Defendant. | CASE No. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiffs Conair Corporation ("Conair") and Babyliss FACO SPRL ("Babyliss") complain of defendant E.L. Sales Corp. ("E.L.") as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for infringement of Conair and Babyliss patent rights and for violation of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction of Plaintiffs' claim under Florida law pursuant to 28 U.S.C. § 1367(a).

2. Defendant is subject to personal jurisdiction in Florida and in this judicial district and division because it has transacted business here by selling, offering to sell or distributing hair care products (the "Royale Professional Curling Iron Perfect Curls") that violate Conair's and Babyliss's intellectual property rights.

3. Venue is proper under the general federal venue statute, 28 U.S.C. § 1391(d), and under the specific venue provision relating to patent-infringement cases, 28 U.S.C. § 1400(b).

**PARTIES**

4. Conair is a Delaware corporation headquartered in East Windsor, New Jersey, with sales and marketing offices in Stamford, Connecticut. Conair is the exclusive licensee and owns all substantial rights in and has standing (without joining the nominal

legal title owner) to sue for infringement of the following United States Patent Nos.: 8,607,804, entitled "Hair Styling Aid" (the '804 patent); 8,651,118, entitled "Hair Styling Device" (the '118 patent); and 8,733,374, entitled "Hair Styling Device" (the '374 patent). Conair holds the exclusive license, including the exclusive right to manufacture, market and enforce, from TF3 Limited (Birmingham, England). Conair has complied with all terms of its exclusive license, and that exclusive license is currently in force.

5. Babyliss is a subsidiary of Conair, and is organized under the laws of Belgium. It is headquartered and has offices at 25 avenue l'independence 4020, Wandre (Liege), Belgium. Babyliss is the owner and has standing to sue for infringement of United States Design Patent D696,456, entitled, "Hair Styling Apparatus" (the '456 patent).

6. E.L. is an Indiana corporation with its headquarters located at 4410 W. Crest Ave. Suite B, Tampa, Florida 33614. E.L. has previously and is presently making, using, selling, offering for sale, and/or importing into the U.S. hair styling devices that infringe one or more claims of the '804, '118, '374 and '456 patents (the "patents-in-suit"). E.L. has infringed the patents-in-suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

## BACKGROUND

7. Conair acquired the exclusive license to the '804, '118 and '374 patents on June 7, 2011, and has worked diligently to commercialize the inventions claimed within them. The '804, '118 and '374 patents, through the inventions embodied in their claims, permit one-step hair styling and curling, thus saving consumers substantial time and effort. As part of Conair's commercialization efforts, Conair designer Pierre L. Julemont (working at Conair's Belgian Babyliss subsidiary) perfected a sleek, novel and consumer-friendly ornamental design to enclose embodiments of the '804, '118 and '374 patents. That ornamental design is embodied in the '456 patent.



**Figure 1 of the '456 Patent**

8. As a result of Conair's commercialization efforts, Conair and its subsidiaries have experienced dramatic commercial success worldwide with its embodiments of those patents – the Miracurl® (promoted under the Babyliss brand) and the Curl Secret® (promoted under the Conair brand). That success has attracted a number of knock-off efforts and attempts to free ride on Conair's success. Defendant is now among them.

9. E.L. advertises and sells hair styling devices on its website, www.royaleusa.com. To an ordinary observer, those accused devices appear substantially and confusingly similar to Conair's commercial patented products, and to Conair's patented design:



**Defendant's Accused Product**

10. Conair owns distinctive, aesthetic, non-functional trade dress in its Infinity Pro by Conair® Curl Secret® ("Curl Secret") hair curling product, as well as its Miracurl® Professional Curl Machine product. Conair has used this trade dress consistently in its marketing, including on its websites located on the internet at www.curlsecret.com, www.miracurlpro.com and www.conair.com.

11. The trade dress of the Curl Secret is recognizable by its color, which is a very deep, dark purple, almost black in appearance. The trade dress is also recognizable by the positioning of the controls for the Curl Secret which are located on the left side of the product's lower appendage facing left when held in a stylist's right hand during normal use. The trade dress is also recognizable in the unique shape of the Curl Secret, including its round bulbous clam-shell head and its sleek handle, as well as its swiveling truncated-cone power cord attachment where the cord trails away from the unit at a greater-than-90 degree angle, and has flexible ribs at the nearest part to the attachment. The trade dress for Miracurl is nearly identical, with three buttons instead of two, and aqua/teal coloring instead of deep purple.

12. The Curl Secret and Miracurl trade dress symbolize the quality of the Conair products, and have become distinctive to Conair through widespread use and advertising, which has exposed the Conair Curl Secret and Miracurl to many people, especially in the hair care industry. Conair has used the Curl Secret and Miracurl trade dress in a consistent and continuous fashion in commerce though its website, in print

marketing material, and on the websites and marketing material of its authorized dealers throughout the United States.

13. The Curl Secret and Miracurl trade dress is aesthetic and non-functional, and through consistent and continuous use it has come to identify the Conair Curl Secret and Miracurl products, and the public recognizes the trade dress and associates it with Conair and its Curl Secret and Miracurl products. The trade dress has become an asset of substantial value and is strongly associated with a single product line and source, namely the Conair Curl Secret and Miracurl products. The products have been featured in dozens of publications in the past year, including *The New York Times* and *The Wall Street Journal*. *Women's Wear Daily* gave Curl Secret the 2013 Product of the Year Award, the first ever given to a hair appliance. *Allure* magazine named it a finalist for its Beauty Product of the Year Award, which will be selected in September 2014. The Conair products thus have a trade dress that has acquired a secondary meaning.

14. As can be seen in the photographs above and below, Defendant has copied and used the Curl Secret and Miracurl trade dress in connection with their advertising and marketing of the confusingly similar accused devices in interstate commerce with the intention of misleading, deceiving or confusing consumers as to the origin of the accused products while trading on Conair's reputation and good will.



**Two views of Conair's Curl Secret Product**

 

**Two views of Defendant's Infringing Product**

15. The infringement by Defendant of the Curl Secret and Miracurl trade dress is likely to cause confusion, deception, and mistake among consumers and potential consumers of the Conair Curl Secret product.

## COUNT I

### UTILITY PATENT INFRINGEMENT

16. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

17. Defendant has infringed and continues to infringe the '804, '118 and '374 patents either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the Royale Professional Curling Iron Perfect Curls. Additional infringing models may be identified through discovery.

18. Defendant's infringement, contributory infringement and/or inducement to infringe has injured Conair and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## COUNT II

### DESIGN PATENT INFRINGEMENT

19. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

20. Defendant has infringed and continue to infringe the '456 patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271 by making, using, selling, importing and/or offering to sell infringing products, namely the Royale Professional Curling Iron Perfect Curls. Additional infringing models may be identified through discovery.

GREENBERG TRAURIG, P.A.

*ORL 298849266v1*

21. Defendant's infringement, contributory infringement and/or inducement to infringe has injured Babyliss and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22. Defendant's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Babyliss, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '456 patent.

## COUNT III

### FEDERAL TRADE DRESS INFRINGEMENT/UNFAIR COMPETITION

23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

24. Defendant's activities complained of herein constitute infringement of Conair's trade dress and unfair competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiffs.

25. As a direct and proximate result of Defendants' infringement, Conair has suffered and will continue to suffer loss of income, profits and good will and defendants will continue to unfairly acquire income, profits, and good will.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 of this complaint as if fully set forth herein.

27. Defendant's activities complained of herein constitute unfair methods of competition in violation of the common law of the State of Florida.

28. As a direct and proximate result of Defendant's competition, Conair has suffered and will continue to suffer loss of income, profits and good will, and defendant will continue to unfairly acquire income, profits and good will.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Conair requests a trial by jury on all issues presented that can properly be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Conair and Babyliss ask this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An injunction permanently prohibiting further infringement, inducement and contributory infringement of the patents-in-suit;

B. An award of damages adequate to compensate Conair and Babyliss for the infringement that has occurred, together with prejudgment interest from the date infringement began;

C. All other damages permitted by 35 U.S.C. § 284;

D. Additional damages as expressly provided for in the case of a design patent under 35 U.S.C. § 289;

E. Additional damages as expressly provided for in the case of Lanham Act violations under 15 U.S.C. §§ 1116–118, including a permanent injunction enjoining Defendant's acts of trade dress infringement; recovery of Defendant's profits, any damages sustained by Plaintiffs, the costs of the action; and destruction of the infringing articles;

F. Additional damages as provided for under Florida unfair competition law;

G.  A finding that this case is exceptional and an award to Conair of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

H.  An award of costs; and

I.  Such other and further relief as this Court or a jury may deem proper and just.

Dated: June 19, 2014

>Respectfully submitted,
>
>/s/ Murray B. Silverstein
>Murray B. Silverstein
>Silversteinmb@gtlaw.com
>Florida Bar No. 0349216
>GREENBERG TRAURIG, P.A.
>625 East Twiggs Street, Ste 100
>Tampa, Florida 33602
>Telephone: (813) 318-5700
>
>I. William Spivey, II
>spiveyw@gtlaw.com
>Florida Bar No. 701076
>GREENBERG TRAURIG, P.A.
>450 South Orange Avenue, Suite 650
>Orlando, Florida  32801
>Telephone:  (407) 420-1000
>
>Of counsel:
>William W. Flachsbart
>wwf@fg-law.com
>Robert P. Greenspoon
>rpg@fg-law.com
>**Flachsbart & Greenspoon, LLC**
>333 N. Michigan Ave., 27th Floor
>Chicago, IL 60601
>Phone: 312-551-9500
>Fax: 312-551-9501
>
>**Attorneys for Plaintiffs,
>Conair Corporation and Babyliss FACO SPRL**

GREENBERG TRAURIG, P.A.

GREENBERG TRAURIG, P.A.

11